1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  DARRYLE WILLIAMS,                          )        1: 03 CV F 5389 REC DLB P
                                              )
11              Plaintiff,                     )        ORDER DISMISSING AMENDED
                                              )        COMPLAINT WITH LEAVE TO
12        v.                                   )        AMEND
                                              )        [DOCS 29, 48]
13  ART CALDERON, et al.,                      )
                                              )
14              Defendants.                    )
    _____)

15

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18  section 1983.  Plaintiff's was granted leave to proceed in forma pauperis on August 24, 2005.

19  Pending before the Court is the second amended complaint, filed April 25, 2005.

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

25  U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

26  paid, the court shall dismiss the case at any time if the court determines that...the action of appeal...

27  fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  If the Court

28  determines that the complaint fails to state a claim, leave to amend may be granted to the extent that

1    the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th

2    Cir. 2000) (en banc).

3    **A.**      **Plaintiff's Allegations**

4        In the instant case, plaintiff brings action against the California Department of Corrections,

5    the Chief Medical Director of the California Department of Corrections, Stuart J. Ryan, the Warden

6    of CSP-CAL, Dr, Martin Lewis, Chief Medical Officer at CSP-CAL, Medical Appeals Coordinator

7    Pascus, Dr. Sands, Dr. Nguyen, Dr, Chan, Officer Johnson and the following prison officials at the

8    California Correctional Institution at Tehachapi:  Warden Art Calderon, Chief Medical Officer John

9    Moor, Dr. Allen Yin, Dr. Vo, Dr. Charles O'Brien, Dr. James Helmer, Dr. Edgardo Capot, Dr. John

10    A. Baughman, R.N. Karen Brown, R.N. Sherry Klingenberg, Sergeant Blaylock, Sergeant Reed,

11    MTA Tapia, MTA Renniger, Officers Cherry, Waggoner, Barr, Santos, Woodard, Myers and Cotton.

12        On October 3, 2005, plaintiff filed an "amendment" to the complaint wherein he dismissed

13    the claims against defendants in their official capacities and plaintiff dismissed the California

14    Department of Corrections as a defendant.

15        Plaintiff alleges that he was denied proper medical care beginning December 3, 2002 through

16    the filing of his complaint.  He provides the following narrative regarding his medical care and

17    treatment:

18        On December 3, 2002, plaintiff was examined by Dr. Yin, due to complaints of lower back

19    pain.  On December 10, 2002, plaintiff was examined by Dr. Vo and again complained of back pain.

20    Plaintiff was examined by Dr. Yin on January 13, 2003, who examined x-rays of plaintiff's back and

21    prescribed medication.  Plaintiff was examined by Dr. O'Brien on January 27, 2003, who ordered

22    another x-ray, a urine analysis, and prescribed medication.  On February 10, 2003, plaintiff's

23    condition worsened.  Dr. Helmer examined him on February 10, 2003, and joked about plaintiff's

24    condition.  Dr. Helmer "made a faulty diagnosis," and prescribed medication for plaintiff.

25        By February 24, 2004, plaintiff suffered paralysis from the waist down.  Other inmates told

26    defendant Tania to go to plaintiff's cell where Tania denied plaintiff's request to make a phone call

27    or have him admitted to the infirmary due to the unbearable pain.  On February 22, 2003, defendant

28

1   Renniger called a physician about plaintiff's condition.  On February 24, 2003, Dr. Helmer and R.N.

2   Brown went to plaintiff's cell, and plaintiff explained his condition of paralysis.  Plaintiff was

3   immediately admitted to the infirmary.

4         On February 25, 2003 the CCI resident physicians were making their rounds when defendant

5   Klingenberg told the doctors that plaintiff was  "putting on a good performance."  On February 26,

6   2003, plaintiff asked Klingenberg for a drink of water.  Klingenberg told plaintiff that his x-ray

7   results were normal and to, "get up and get your own water."  Defendant Cotton, influenced by

8   Klingenberg, also refused to fill plaintiff's water pitcher.  Plaintiff complained to Dr. Helmer about

9   their comments and they were admonished.

10        On February 28, 2003, plaintiff was taken to San Joaquin Community Hospital, where an

11   MRI was done and plaintiff was admitted for an emergency surgical procedure, a decompressive

12   lumbar laminectomy.  On March 3, 2003, plaintiff was discharged from the hospital and returned to

13   the CCI infirmary.  On March 6, 2003, plaintiff requested the recommended physical therapy from

14   CMO Moor and was told that CCI did not offer physical therapy.  Plaintiff then submitted an ADA-

15   1824 Form/Appeal.  Plaintiff alleges that Moor refused to respond to his appeal or his request to be

16   transferred to Richard J. Donovan where a physical therapy program was available.

17        On June 25, 2005, plaintiff was transferred to CSP-CAL and he apprised staff of his

18   medications.  On July 3, 2003, he inquired of defendant Levin regarding his physical therapy.

19        From August 19, 2003 through March 29, 2005, plaintiff was seen by a psychiatrist in the

20   Mental Health Services Division.

21        On September 4, 2003, defendant Sands scheduled plaintiff to see an orthopedic specialist.

22   On September 11, 2003, he saw the orthopedic specialist.  Prednisone was prescribed and an MRI

23   was ordered.  The MRI was performed on February 13, 2004.

24        On August 12, 2004, Dr. Smith ordered a back brace for plaintiff.

25        On September 15, 2005, Dr. Sands reissued plaintiff's medical chrono for various medical

26   supplies.

27        On October 19, 2004, Dr. Nguyen ordered tests.

28

1   On November 26, 2004, his pain medications were abruptly discontinued.

2   On December 9, 2004, plaintiff was scheduled for an x-ray.

3   On December 23, 2004, Dr. Nguyen was alarmed at the size of plaintiff's hemorrhoids and

4   sent him to the infirmary where he was examined by a surgeon and "sitz -Baths" were ordered.  On

5   December 24, 2004, defendant Johnson refused to give plaintiff his prescribed hot shower, for which

6   he filed a citizens/staff complaint on December 28, 2004.

7   On January 20, 2005, he was examined by defendant Dr. Chan who told plaintiff that he

8   would only hear two (2) complaints.

9   **B.      Eighth Amendment Claim**

10   Plaintiff alleges that by the actions described, the named defendants subjected him to cruel

11   and unusual punishment in violation of the Eighth Amendment.  He also alleges that defendants

12   failed to provide immediate medical care for his serious and obvious medical needs.

13   **1.      Supervisory Defendants**

14   Plaintiff names the Chief Medical Director of CDC, Warden Calderon and Warden Ryan as

15   defendants based on their supervisory positions.  Under section 1983, liability may not be imposed

16   on supervisory personnel for the actions of their employees under a theory of respondeat superior.

17   When the named defendant holds a supervisorial position, the causal link between the defendant and

18   0the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

19   858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442

20   U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff

21   must allege some facts indicating that the defendant either: personally participated in the alleged

22   deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

23   promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

24   constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885

25   F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th

26   Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support

27   claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

28

1    (1993).

2        Plaintiff has not alleged any facts indicating that these defendants personally participated in

3    the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

4    them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

5    constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at

6    646.

7            **2.        Deliberate Indifference to Serious Medical Needs**

8        A prisoner's claim of inadequate medical care does not constitute cruel and unusual

9    punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

10   needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

11   an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

12   "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

13   U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

14   mind," which entails more than mere negligence, but less than conduct undertaken for the very

15   purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

16   deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

17   inmate health or safety." Id.

18       In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

19   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

20   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

21   v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]

22   complaint that a physician has been negligent in diagnosing or treating a medical condition does not

23   state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does

24   not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

25   429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);

26   McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

27   Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to

28

1   establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d

2   1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not

3   support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4           Deliberate indifference can be manifested by prison guards intentionally denying or delaying

5   access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v.

6   Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical

7   treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d

8   1050, 1060 (9th Cir.  1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,

9   1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

10  1985).

11          In the instant case, plaintiff acknowledges that defendants performed numerous

12  examinations, prescribed medications, ordered x-rays and testing, and admitted him to the prison

13  infirmary.  Plaintiff was treated at an outside hospital and received an emergency surgical procedure.

14  Plaintiff's allegations do not indicate that any of the defendants knew of and disregarded a risk to his

15  health, but rather, they were attentive to his condition and rendered treatment.  That he was, at times,

16  not given the treatment he would prefer, is not a constitutional issue.

17          Plaintiff alleges that one or more of the doctors misdiagnosed his condition.  An allegation of

18  misdiagnosis fails to state a claim under the Eighth Amendment.  Mere 'indifference,' 'negligence,' or

19  'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622

20  F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician

21  has been negligent in diagnosing or treating a medical condition does not state a valid claim of

22  medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a

23  constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106;

24  see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974

25  F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

26  1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate

27  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

28

1990).  With respect to the allegation that R.N. Klingenberg told plaintiff that he was "putting on a good performance," this fails to state a claim.  Mere verbal harassment is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### 3.    Due Process and Equal Protection Claims

Plaintiff alleges, without elaboration, that the actions described above also constitute violations of the Due Process and Equal Protection Clauses of the Eighth and Fourteenth Amendments.  However, "[t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ."  Patel, 103 F.3d at 874.  Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs plaintiff's claims.

### 4.    State Tort Claims

Plaintiff also alleges that defendants' actions constitute medical malpractice in violation of California State Law.

Plaintiff is informed that violation of state law, such as negligence and medical malpractice, is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

**D.    Conclusion**

1    In summary, the Court finds it necessary to dismiss the second amended complaint in its

2    entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this

3    complaint, but only if plaintiff can allege additional facts in good faith.  Failure to cure the

4    deficiencies will result in dismissal of this action without leave to amend.

5    If plaintiff chooses to amend the complaint again, plaintiff must demonstrate how the

6    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis

7    v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each

8    named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

9    affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

10   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

11   588 F.2d 740, 743 (9th Cir. 1978).

12   In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to

13   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

14   complaint be complete in itself without reference to any prior pleading.  This is because, as a

15   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d

16   55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the previous pleadings no

17   longer serve any function in the case.  Therefore, in an amended complaint, as in an original

18   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19   In accordance with the above, IT IS HEREBY ORDERED that:

20   1.  Plaintiff's motion to dismiss the claims against defendants in their official

21   capacities, filed October 3, 2005  is GRANTED;

22   2.  Plaintiff's motion to dismiss the California Department of Corrections as a

23   defendant is GRANTED;

24   3.  Plaintiff's second amended complaint is dismissed; and

25   4.  Plaintiff is granted thirty days from the date of service of this order to file a third

26   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

27   Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

28

1   number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an

2   original and two copies of the amended complaint; failure to file an amended complaint in

3   accordance with this order will result in dismissal of this action.

4          IT IS SO ORDERED.

5      **Dated:    November 14, 2005**                    _____/s/ **Dennis L. Beck**_____
       3b142a                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28