# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYLE WILLIAMS, | CASE NO. 1:03-CV-005389-LJO DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| MOOR, et al., | (Doc. 69) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint filed on August 31, 2006 against defendants Moor, Yin, O'Brien, Helmer, Klingenberg and Waggoner for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment and state law negligence. On March 22, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Yin, O'Brien, Helmer, Klingenberg and Waggoner filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.[1] Plaintiff filed an opposition to the motion on April 9, 2007 and defendants filed a reply on April 9, 2007.[2]

B.  Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[1] On February 7, 2007, defendants filed a document indicating that defendant Moor is deceased.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 22, 2007.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 68.)

1

available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382. Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

C. Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

Defendants move for dismissal of plaintiff's Section 1983 claims on the grounds that plaintiff did not exhaust administrative remedies prior to filing this lawsuit. Defendants contend that plaintiff did not exhaust any medical appeals prior to filing suit. Defendants contend that the only appeal regarding medical issues including lumbar complaints was exhausted September 15, 2005, almost two (2) years after plaintiff filed this action. Defendants also contend that plaintiff's failure to comply with the California Tort Claims Act bars his state law claim for medical malpractice.

1. Section 1983 Claims

Plaintiff opposes defendants' motion on the grounds that his appeal Log No. CCI 9-03-00511 was granted on March 25, 2003 at the first level and therefore a Director's decision was not required to exhaust his administrative remedies. *See* Plaintiff's Opposition, Exhibit "B."

The court rejects defendant's argument that a Director's Level response is necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response entitles them to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available."). Evidence that plaintiff did not file an appeal at the third level of review is insufficient to demonstrate that plaintiff did not exhaust. Plaintiff has submitted evidence that his appeal regarding back pain was granted at the institutional level on March 25, 2003 and therefore he was not required to pursue the appeal further.

2. State Law Claims

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control and still referred to herein as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must

3

1  allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d
2  at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d 1477; Karim-Panahi v. Los Angeles Police Dept.,
3  839 F.2d 621, 627 (9th Cir. 1988).

4      In his opposition, plaintiff contends that he filed his tort claim with the Board of Control in
5  July 2003 and he submits evidence that the claim was rejected on July 29, 2003. *See* Opposition,
6  Exhibit "E." Plaintiff was required to file a claim with the State Board of Control prior to filing suit.
7  His failure to do so requires dismissal of plaintiff's state law tort claims for failure to exhaust.

    D.    Conclusion

    For the foregoing reasons, the court HEREBY RECOMMENDS that:

    1.    Defendants' unenumerated Rule 12(b) motion, filed March 22, 2007, be GRANTED IN AND DENIED IN PART as follows:

        a.    Defendants' motion to dismiss plaintiff's Section 1983 claims for failure to exhaust prior to filing suit be DENIED; and

        b.    Defendants' motion to dismiss plaintiff's state law claims for medical malpractice be GRANTED and these claims be dismissed, without prejudice; and

    2.    Defendants be required to respond to plaintiff's amended complaint within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

Dated:   **November 26, 2007**        **/s/ Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE